## Brillhart, Administratrix, v. Edison Light & Power Co. et al.

*Markowitz & Liverant*, for plaintiff.

*Laucks & Laucks*, for Norman J. Bortner, defendant.

*Anstine & Shadle*, for Edison Light & Power Co., defendant.

ANDERSON, J., April 4, 1949.—In this action in trespass for damages arising from the death of plaintiff's decedent as the result of contacting a charged electric line, one of the defendants, Norman J. Bortner, has filed a petition requesting a severance of the actions, upon which a rule to show cause was granted. In the petition the only reasons alleged for requesting the severance were "to further convenience and avoid prejudice", which is the precise phraseology used in Pa. R. C. P. 213(*b*), which provides the procedure for the severance of actions. At the argument on the rule and in the brief filed in support of the motion it was urged that the public generally may be prejudiced against the other defendant, Edison Light & Power Company, because it is a public utility which has recently raised its rates in this community and there has been litigation and considerable publicity and an unfavorable resulting public opinion incident thereto. Counsel argues that this alleged public prejudice might carry over to defendant and result in an inflated verdict against both defendants. It is further contended that since the interests of defendants are antagonistic and evidence admissible against one would not be relevant to the others that impartial justice would be more likely to prevail if separate trials were ordered. While there may be some merit to defendant Bortner's contention from his individual viewpoint, the court must view this situation in the light of the interests of all the parties concerned, including plaintiff and additional defendant, Strickland, who was brought in on the record by the action of both original defendants. If a severance was ordered and the cases tried sep-

arately it is conceivable that two different juries might arrive at diametrically opposite conclusions, to wit, that in each case the negligence, if any, was that of defendant not then on trial. So far as the question of convenience is concerned, again the convenience of all is to be considered, including possibly only incidentally that of the court and the various officials connected therewith. If the cases were tried separately then plaintiff and additional defendant would each be exposed to two trials involving double trouble, time and expense. As stated in Goodrich-Amram's comments:

"The granting of a severance lies within the discretion of the court and the party seeking a severance must show that there is good cause therefor. . . . When the ordering of separate trials will not further convenience or avoid prejudice, the court should not order a severance. . . . A severance should therefore not be granted unless the prejudice to the parties or to the court so far exceeds the procedural convenience of determining all issues at one time as to justify the denial of that procedural convenience." Sec. 213 ($b$) -5, 2255 ($d$) -7.

From the information made available to the court it is apparent that the trial of this case will be somewhat involved and complicated. But it also seems evident that it is the very type of case that should be tried before one jury, which will be called upon to determine all the issues involved at one and the same time. Convenience would not be served nor prejudice eliminated by a severance of the actions. Accordingly, the following order is directed to be entered:

And now, to wit, April 4, 1949, the rule granted December 30, 1948, to show cause why the issues should not be tried separately as set forth in the petition of Norman J. Bortner, defendant, is herewith discharged.